**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

      Plaintiff,                               Case No. 24-cr-20100
                                                   Hon. Matthew F. Leitman

v.

DARRELL TILLIS PHILLIPS,

      Defendant.

_____/

**STIPULATION FOR PSYCHIATRIC OR PSYCHOLOGICAL**
**EXAMINATION OF DEFENDANT TO DETERMINE COMPETENCY**

The United States of America and counsel for Darrell Tillis Phillips, Terry Johnson, has jointly requested that that the Court ordered a competency evaluation for Defendant Darrell Tillis Phillips. (ECF No. 13.) The parties hereby stipulate to the agreed-upon language in the proposed order below, ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT TO DETERMINE COMPETENCY, to effectuate the requested evaluation.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/ *Nhan Ho* | s/ *Terry L. Johnson (w/ consent)* |
| Nhan Ho | Terry L. Johnson |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 24800 Warner Road |
| Detroit, Michigan 48226 | Warren, Michigan 48091 |
| Phone:  313-226-9632 | Phone:  313-421-6193 |
| Nhan.ho@usdoj.gov | TerryLJohnson00@gmail.com |

Date: April 10, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. 24-cr-20100
                                              Hon. Matthew F. Leitman

v.

DARRELL TILLIS PHILLIPS,

       Defendant.
_____/

## ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION OF DEFENDANT TO DETERMINE COMPETENCY

On April 5, 2024, the United States of America and counsel for the defendant filed a Joint Motion for Competency Evaluation. (ECF No. 14.) Based on the parties' reasons in the Motion and the attached sealed exhibit, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering defendant mentally incompetent to stand trial. Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1)    That a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a),(b), 4247(b);

(2)    That defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.* § 4247(b);

(3)    That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological,

and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(4) That the examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order; and

(5) That the period beginning with the defendant's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

The Bureau of Prisons is further **ORDERED** to inform the Assistant United States Attorney once the defendant has been designated to a suitable facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport the defendant to that facility.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2024