UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                          Case No. 24-cv-20100
v.                                      Hon. Matthew F. Leitman

DARRELL TILLIS PHILLIPS,

      Defendant.

_____/

## ORDER (1) DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 42) AND (2) DENYING CERTIFICATE OF APPEALABILITY

Now before the Court is Defendant Darrell Tillis Phillips' motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Mot., ECF No. 42.)  Phillips raises three claims arguing that he received ineffective assistance of counsel when he pled guilty in federal court to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  For the reasons explained below, Phillips' motion to vacate his sentence is **DENIED**.  Further, the Court **DENIES** Phillips a Certificate of Appealability.

**I**

In December 2024, Phillips pled guilty to the charge of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (*See* Rule 11 Plea Agmt., ECF No. 62.)  As part of his Rule 11 Plea Agreement, Phillips admitted that, after having

1

been convicted of a felony, he knowingly possessed a .357 caliber Ruger revolver that "was manufactured outside the state of Michigan, thereby travelling in interstate commerce to reach this jurisdiction." (*Id.*, PageID.64.)   The Court thereafter sentenced him to a term of 38 months imprisonment. (*See* Judgment, ECF No. 41, PageID.248.)

Phillips has now brought a motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Mot., ECF No. 42.)  In his motion, he states three grounds on which he claims that his custody violates the Constitution, laws, or treaties of the United States:

> 1. Ineffective Assistance of Counsel – Failure to challenge lack of Government's power to regulate crime committed within the State.
>
> 2. Ineffective Assistance of Counsel – Failure to challenge Article III courts' lack of criminal case jurisdiction when sitting within a state.
>
> 3. Ineffective Assistance of Counsel – Failure to preserve collateral attack against lack of jurisdiction in plea agreement.

(*Id.*, PageID.262-265.)

The Court has reviewed Phillips' motion and, for the reasons explained in further detail below, concludes that Phillips is not entitled to habeas relief on any of his ineffective assistance of counsel claims.  The Court therefore **DENIES** Phillips' motion to vacate his sentence and, for the reasons explained below, **DENIES** him a Certificate of Appealability.

## II

### A

In these Section 2255 proceedings, the Court must evaluate Phillips' ineffective assistance of counsel claims under the following standard:

> Section 2255 requires [a district court] to afford relief if a prisoner's constitutional rights were infringed. 28 U.S.C. § 2255. Ineffective assistance of counsel claims are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 504, 508–09, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). "[T]he Sixth Amendment's requirement that defendants receive 'the effective assistance of competent counsel' extends to all critical stages of a criminal proceeding," including plea negotiations, *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019) (first quoting *Lafler v. Cooper*, 566 U.S. 156, 163, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); and then citing *Padilla v. Kentucky*, 559 U.S. 356, 373, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)), sentencing, and direct appeal, *Lafler*, 566 U.S. at 165, 132 S.Ct. 1376.

> To prove that he was deprived of that right, Gilbert must show deficient performance by counsel and resulting prejudice to the defendant. *Strickland*, 466 U.S. at 687, 694, 104 S.Ct. 2052. To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052.

3

> Although defendants have no constitutional right to a plea offer, "when the Government chooses to enter into plea negotiations, the Constitution requires that defendants receive effective assistance in navigating that crucial process." *Rodriguez-Penton*, 905 F.3d at 489 (citing *Lafler*, 566 U.S. at 168, 132 S.Ct. 1376). That means accurate advice regarding sentence exposure. *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (holding that a defendant has the right to have his counsel "explain the sentencing exposure the defendant will face"); *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003). *See generally Byrd*, 940 F.3d at 257–58 (noting that an attorney has a duty to give correct legal advice (collecting cases)).
>
> Generally speaking, "prejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermine[d] confidence in the outcome of the plea process." *Rodriguez-Penton*, 905 F.3d at 488. In the plea negotiation context, that means showing "a reasonable probability that, with proper advice, the outcome of those negotiations would have been different." *Id.* at 489–90; *Byrd*, 940 F.3d at 258 (same). A defendant is not limited to showing he would have gone to trial but for the bad advice during the plea process. *Rodriguez-Penton*, 905 F.3d at 487–88. He "may demonstrate prejudice if he can show that, had he known about the risk of adverse ... consequences, he would have bargained for a more favorable plea." *Id.* at 488.

*Gilbert v. United States*, 64 F.4th 763, 770–71 (6th Cir. 2023).

**B**

Phillips' ineffective assistance of counsel claims lack merit.  His attorney was not ineffective for failing to raise the challenges Phillips identifies because all of them would have been futile. *See United States v. Sanders*, 404 F.3d 980, 986 (6th

4

Cir. 2005) (counsel does not perform deficiently by failing to make a futile objection); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000) (same). First, the Court had subject-matter jurisdiction over Phillips' case. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.")  Second, Congress had the authority under the Commerce Clause to enact Section 922(g). *See United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996).[1]  Finally, since the Court had jurisdiction over this case and Congress had the power to enact Section 922(g), Phillips' attorney did not perform deficiently when he did not seek to include in Phillips' plea agreement the reservation of the right to raise those issues on collateral review.

### III

Finally, Phillips may not appeal the Court's decision unless the Court issues him a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22.  A court may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct.

---

[1] Phillips does not raise a Second Amendment challenge to his conviction or to Section 922(g).

1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S.473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that Phillips is not entitled to the relief he seeks. Thus, the Court declines to issue Phillips a Certificate of Appealability.

## IV

For all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Phillips' motion to vacate his sentence (ECF No. 42) is **DENIED**; and

- Phillips is **DENIED** a Certificate of Appealability.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 27, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

6